IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| KEN YARBROUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) |
| TRUE AMERICAN CLASSIC INC, | ) |
| SOLID ROCK PRODUCTIONS, INC., | ) |
| and EARNEST LEE | ) |
| | ) NO.: _____ |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Ken Yarbrough and files this lawsuit against Defendants True American Classic Inc, Solid Rock Productions, Inc. and Earnest Lee (hereinafter collectively "Defendants"), and shows the following:

### **I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*

1

*seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant True American Classic Inc is a Georgia corporation with its registered agent, Earnest Lee, located at 1962 Railroad Street, Statham, Georgia 30666.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

5.

Defendant Solid Rock Productions, Inc. is a Georgia corporation located at 1324 Baylor Drive, Bethlehem, Georgia 30620 with its registered agent, Earnest Lee, located at 385 Creekstone Court, Suite 1, Athens, Georgia 30601.

6.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 1962 Railroad Street, Statham, Georgia 30666.

## III. Parties

7.

Plaintiff was a resident of the State of Georgia during the relevant time period.

8.

Defendant True American Classic Inc may be served with process by delivering a copy of the summons and complaint to its registered agent, Earnest Lee, located at 1962 Railroad Street, Statham, Georgia 30666.

9.

Defendant Solid Rock Productions, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent, Earnest Lee, located at 385 Creekstone Court, Suite 1, Athens, Georgia 30601.

10.

Defendant Earnest Lee may be served with process by delivering a copy of the summons and complaint to his office address at 1962 Railroad Street, Statham, Georgia 30666.

## IV. Factual Allegations

11.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

12.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

13.

Defendants employed the named Plaintiff during the relevant time period.

14.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

15.

Defendant True American Classic Inc is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

Defendant Solid Rock Productions, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

17.

It is unclear whether Plaintiff was an employee of Defendant True American Classic Inc and/or Solid Rock Productions, Inc. as there is

conflicting evidence as to whether one or both companies was Plaintiff's actual employer.

18.

Defendant Earnest Lee is an owner of both True American Classic Inc and Solid Rock Productions, Inc.

19.

Defendant Lee had discretion over Plaintiff's working hours and overtime compensation.

20.

Defendant Lee acts both directly and indirectly in the interest of both True American Classic, Inc and Solid Rock Productions, Inc. and was in a supervisory position over Plaintiff.

21.

Defendant True American Classic Inc is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

22.

Defendant Solid Rock Productions, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

23.

Defendant Lee is an "employer" within the definition of FLSA §3(d), 29

U.S.C. §203(d).

24.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

25.

Plaintiff started working for Defendants on or around August 1, 2012 as an Industrial Painter.

26.

Plaintiff started at a wage of $14 per hour and earned a raise to $15 per hour in January 2013.  Plaintiff then received a raise to $16 per hour in October 2013 and received an additional raise to $18 per hour in June 2014.

27.

Plaintiff was classified as an independent contractor.

28.

Plaintiff punched in and out on a time clock, had his uniform costs deducted from his paycheck and used tools provided by his employer to complete his tasks.

29.

Plaintiff was paid his hourly rate for hours over forty (40) per week.  He was not paid the overtime differential for any of these overtime hours.  Thus, Defendants failed to pay Plaintiff's overtime wages at one and one-half his hourly

rate for the hours over forty (40) worked in a week.

30.

Plaintiff estimates that he worked approximately eight (8) hours per week of overtime between August 2012 and June 2014 with a break of two months in April and May 2013 when he was recovering from an accident.

31.

Plaintiff approximate unpaid overtime can be summarized as follows:

August 2012 through December 2012: $1,120 (20 weeks x 8 hours x $14 x 0.5);

January 2013 through September 2013: $1,680 (28 weeks x 8 hours x $15 x 0.5);

October 2013 through June 2014: $2,304 (36 weeks x 8 hours x $16 x 0.5).

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

32.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

33.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## V. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid overtime wages pursuant to FLSA § 7, 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 10th day of October, 2014.

                **THE SHARMAN LAW FIRM LLC**

                /s/ Paul J. Sharman
                PAUL J. SHARMAN
                Georgia State Bar No. 227207

                The Sharman Law Firm LLC
                11175 Cicero Drive, Suite 100
                Alpharetta, GA 30022
                Phone: (678) 242-5297
                Fax: (678) 802-2129
                Email: paul@sharman-law.com

Counsel for Plaintiff